IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| VALLEY HOPE ASSOCIATION<br>103 S. WABASH AVENUE<br>NORTON, KS 67654<br><br>　　　　　Plaintiff<br>　v.<br><br>CURTIS INTERNATIONAL LTD.<br>7045 BECKETT DRIVE, UNIT 15<br>MISSISSAUGA, ON L5S 2A3<br>CANADA<br><br>　　　　　Defendant | CIVIL ACTION<br><br>NO.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Valley Hope Association ("Plaintiff" or "Valley Hope"), by and through its undersigned counsel, demands judgment against Curtis International Ltd. and complains against it as follows:

## PARTIES

1. Plaintiff is a corporation organized and existing under the laws of the State of Kansas, whose principal place of business is located at 103 S. Wabash Avenue, Norton, KS 67654 (the "subject property").

2. Curtis International Ltd ("Curtis") is and, at all times relevant hereto, was, upon information and belief, a corporation organized and existing under the laws of the Province of Ontario (Canada), whose principal place of business is located at 7045 Beckett Drive, Unit 15, Mississauga, ON L5S 2A3, Canada.

3. Upon information and belief, Curtis is in the business of, *inter alia*, selling, distributing, marketing, designing, manufacturing, assembling, inspecting and/or delivering, *inter*

*alia*, mini refrigerators such as the subject mini refrigerator, an Igloo brand mini refrigerator (Model #FR834) at issue here (the "subject product").

## JURISDICTION AND VENUE

4. Jurisdiction is based on 28 U.S.C. § 1332(a)(2) as this action involves a controversy between a citizen of a state and a citizen or subject of a foreign state. Moreover, the amount in controversy exceeds $75,000.00 (exclusive of interest and costs).

5. Venue is proper in this district based on 28 U.S.C. § 1391(b)(2) in that the events giving rise to this claim occurred within this district.

## STATEMENT OF FACTS

6. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

7. Plaintiff purchased the subject product in April of 2017, and the subject product is less than ten (10) years old.

8. Prior to September 30, 2019, the subject product was operated and used in a foreseeable, normal, ordinary, and intended manner.

9. On September 30, 2019, a fire erupted at the subject property in an upstairs conference room as a result of an internal failure in the subject product.

10. Prior to the fire, the subject product had not been modified, changed, altered, misused or abused by in any way.

11. The fire caused extensive damage to Plaintiff's real and personal property, as well as the imposition of additional expenses and hardship besides.

## COUNT I – NEGLIGENCE

12. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

13. Curtis owed a duty of reasonable care to Plaintiff, and Plaintiff relied upon Curtis, in regard to the sale, distribution, marketing, design, manufacturing, assembling, inspecting and/or delivering, *inter alia*, of its products, including the subject product.

14. The aforementioned damages were the direct and proximate result of the negligence, carelessness, and/or other unlawful conduct of Curtis, by and through its employees, agents, technicians, vendors, subcontractors, and/or servants, more specifically described as follows:

    a. failing to exercise reasonable care in the following manner:

        i. failing to sell, distribute, market, design, manufacture, assemble, inspect and/or deliver a properly functioning product;

        ii. failing to properly sell, distribute, market, design, manufacture, assemble, inspect and/or deliver the subject product;

        iii. failing to properly determine that the subject product was not in compliance with applicable standards; and/or

        iv. selling, distributing, marketing, designing, manufacturing, assembling, inspecting and/or delivering the subject product when Curtis knew or should have known that the subject product would be unsafe for the reasons for which it was purchased.

    b. failing to adequately instruct and supervise its employees (etc., as above) so as to avoid the problems set forth in subparagraph (a) above;

    c. failing to adequately warn Plaintiff and others of the dangers and hazardous conditions resulting from the careless and negligent conduct set forth in subparagraph (a) above;

    d. failing to provide, establish, and/or follow proper and adequate controls so as to avoid the problems enumerated in subparagraph (a) above;

      e.    failing to perform the services set forth in subparagraph (a) above in conformity with the prevailing industry and governmental specifications and standards; and/or

      f.    violating the standards of care prescribed by statutes, rules, regulations, ordinances, codes, and/or industry customs applicable to this action.

15.    As a direct and proximate result of the aforesaid negligence, Plaintiff sustained damage to its real and personal property as well as the imposition of additional expenses and hardship besides in an amount well in excess of $75,000.00.

**WHEREFORE**, Plaintiff respectfully requests judgment against Curtis in an amount well in excess of $75,000.00 plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## COUNT II – BREACH OF WARRANTIES

16.    Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

17.    In conjunction with the sale, distribution, marketing, design, manufacturing, assembling, inspecting and/or delivering of the subject product, Curtis expressly and/or impliedly warranted that the subject product would be free from defects, of merchantable quality, and fit and safe to use for its intended purpose.

18.    Plaintiff, to its detriment, relied upon the warranties set forth by Curtis.

19.    Based upon the aforementioned careless and negligent conduct on the part of Curtis as set forth in Count I, Curtis has breached these warranties.

20.    Furthermore, based upon the fact that the subject product was not free of defects, was not of merchantable quality, and was not fit for the purposes for which intended, Curtis breached the aforementioned warranties.

Case 5:21-cv-04014-JAR-ADM   Document 1   Filed 02/24/21   Page 5 of 8

21. Plaintiff has performed all conditions precedent to recover based upon such breaches.

22. As a direct and proximate result of the aforesaid breaches, Plaintiff sustained damage to its real and personal property as well as the imposition of additional expenses and hardship besides in an amount well in excess of $75,000.00.

**WHEREFORE**, Plaintiff respectfully requests judgment against Curtis in an amount well in excess of $75,000.00 plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

### COUNT III – STRICT PRODUCTS LIABILITY

23. Plaintiff repeats the allegations set forth in the prior paragraphs of this Complaint as though they were set forth at length herein.

24. Curtis is engaged, and at all times relevant hereto was engaged, in the business of *inter alia*, selling, distributing, marketing, designing, manufacturing, assembling, inspecting and/or delivering, *inter alia*, mini refrigerators such as the subject product.

25. Curtis sold, distributed, marketed, designed, manufactured, assembled, inspected and/or delivered the subject product in a defective condition, unreasonably dangerous to Plaintiff and its property.

26. The subject product, which was designed, manufactured, sold, and/or placed into the stream of commerce by Curtis, was not modified, changed, altered, or abused by Plaintiff or other users at the subject property prior to or during its use.

27. Curtis designed, tested, inspected, manufactured, sold, and/or distributed into the stream of commerce the subject product in a dangerous and defective condition, which catastrophically failed due to a defect.

5

28. Curtis designed, tested, inspected, manufactured, sold, and/or distributed into the stream of commerce the subject product in a dangerous and defective condition, unreasonably dangerous to Plaintiff and its property.

29. The subject product was defective because Curtis designed, tested, inspected, manufactured, sold, and/or distributed it into the stream of commerce in a condition that was more dangerous than an ordinary consumer would expect and/or because the risk associated with its ordinary use outweighed its benefit.

30. Curtis knew or should have known that the subject product would, and did, reach Plaintiff without substantial change in the condition in which it was originally selected and sold.

31. The subject product was not altered in any way after it left the possession of Curtis that would affect the dangerous conditions caused and created by Curtis or would otherwise cause or contribute to the fire.

32. At all times relevant hereto, Plaintiff operated the subject product in a foreseeable, normal, ordinary, and intended manner.

33. The aforementioned defects consisted of:

    a. design defects;
    b. manufacturing defects;
    c. component defects;
    d. use-instruction and/or warnings defects; and/or
    e. a failure to warn of the design, manufacturing, and/or component defects, and/or properly provide warning and/or safe use instructions.

34. The aforementioned defects or defective conditions existed at the time the subject product left the possession and/or control of Curtis and were foreseeable then.

35. The subject product was dangerous to an extent beyond that which would be contemplated by the ordinary consumer who purchases it, with the ordinary knowledge common to the community of its characteristics.

36. The probability of injury times the gravity of injury under the design of the subject product was and is more than the cost of a reasonable alternative design plus the diminished utility resulting from modifying the design.

37. Common experience teaches that the fire would not have occurred in the subject product in the absence of such a defective and unreasonably dangerous condition.

38. The foreseeable risks associated with the design of the subject product exceed all benefits.

39. The defective, unreasonably dangerous and unsafe condition of the subject product as aforesaid was a direct and proximate cause of the damages sustained by Plaintiff.

40. For these reasons, Curtis is strictly liable to Plaintiff under the Kansas Product Liability Act (K.S.A. §§ 60-3301 *et seq.*), Section 402A of the Restatement (2d) of Torts, the Restatement (3d) of Torts, and/or applicable statutory and case law.

41. As a direct and proximate result of the aforesaid conduct, Plaintiff sustained damage to its real and personal property as well as the imposition of additional expenses and hardship besides in an amount well in excess of $75,000.00.

**WHEREFORE**, Plaintiff respectfully requests judgment against Curtis in an amount well in excess of $75,000.00 plus costs incident to this suit, delay damages and attorney fees, and for such other relief as this Honorable Court shall deem appropriate under the circumstances.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

Respectfully Submitted,

**HAMPTON LAW OFFICE**

Dated: 2/24/2021         BY:   *John L. Hampton*
John L. Hampton, Esquire   Ks.Sup.Ct.#07406
3311 Clinton Parkway Court, Suite 1
Lawrence, KS 66047-2656
Ph: (785)-749-2521/Fax: (785) 842-3878
jlhampton44@gmail.com


**de LUCA LEVINE LLC**
Jeffrey M. Zielinski, Esquire, PA. Atty.#91390
(*pro hac vice* application to be filed)
Thaddeus S. Kirk, Esquire, PA. Atty. #315942
(*pro hac vice* application to be filed)
Three Valley Square, Suite 220
Blue Bell, PA 19422
Ph: (215) 383-0081 / Fax: (215) 383-0082
jzielinski@delucalevine.com
tkirk@delucalevine.com

*Attorneys for Plaintiff*
*Valley Hope Association*